UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLD LINE LIFE INSURANCE COMPANY OF
AMERICA,

                                    Plaintiff,     CIVIL CASE NO. 02-40239

v.

                                                   HONORABLE PAUL V. GADOLA
DAVID K. GARCIA,                            U.S. DISTRICT COURT

                                    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S ASSERTION OF FEDERAL ERISA PREEMPTION OF DEFENDANT'S STATE LAW CLAIMS

      Before the Court is Defendant/Counter Plaintiff ("Defendant") David K. Garcia's "Renewed Motion for Summary Judgment Regarding the Waiver and Applicability of the Affirmative Defense of E.R.I.S.A. Preemption." The Court ordered Garcia and Plaintiff Old Line Life Insurance Co. of America ("Old Line") to specifically address the question of whether Plaintiff's Employee Retirement Income Security Act ("ERISA") preemption defense had been waived by Plaintiff for its failure to plead the defense in its responsive pleadings. For the reasons stated below, the Court finds that (1) ERISA preemption constitutes a waivable affirmative defense and, (2) pursuant to Federal Rules of Civil Procedure 8(c), that defense was procedurally waived by Plaintiff's failure to assert it in its responsive pleadings.

**A.    ERISA as a Waivable Affirmative Defense**

      Rule 8(c) of the Federal Rules of Civil procedure states that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . any . . . matter constituting an avoidance or

affirmative defense." Where such affirmative defenses are not pled in the response to a pleading they are typically held to be waived and cannot be introduced into litigation at any later stage. Federal preemption under ERISA has been viewed by many courts to constitute just such an affirmative defense under Rule 8(c).

Those circuits that have explicitly decided the issue of whether or not federal preemption defenses fall under Rule 8(c) have consistently reasoned from the holding of the United States Supreme Court in *Int'l Longshoremen's Ass'n v. Davis*, 476 U.S. 380 (1986). *See, e.g. Saks v. Franklin Covey Co.*, 316 F.3d 337, 349-50 (2d Cir. 2003). The Supreme Court in *Davis* held that preemption issues determining the choice of forum are properly classified as jurisdictional and cannot be waived. *See Davis*, 476 U.S. at 390-391. However, the Court expressly stated that this rule does not extend to preemption issues that affect the parties' choice of law. *Id*; *see also Saks*, 316 F.3d at 349. Therefore, the Court in *Saks* found that, "[t]he circuits that have addressed the waiver issue have agreed that the converse of the *Davis* rule also holds: Where federal preemption affects only the choice of law, the defense may be waived if not timely raised." *Id.*

At least five circuits have followed this or a similar line of reasoning to determine that preemption defenses affecting choice of law, like ERISA preemption, may be waived if not timely raised. *See, e.g.*, *Wolf v. Reliance Standard Life Ins. Co.*, 71 F.3d 444, 448-49 (1st Cir. 1995); *Saks*, 316 F.3d at 349-50; *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1497 (9th Cir. 1986) (holding that ERISA preemption of state contract claims is an affirmative defense waived if not timely pled); *see also Rehab. Inst. of Pittsburgh v. Equitable Life Assurance Soc'y of United States*, 131 F.R.D. 99, 101 (W.D. Pa. 1990), *aff'd without opinion*, 937 F.2d 598 (3d Cir. 1991) (holding

that the defendant should have been put on notice from prior case law that it was required to "plead preemption as an affirmative defense" and affirmed that "ERISA preemption is a waivable affirmative defense"); and *Dueringer v. Gen. Am. Life Ins. Co.*, 842 F.2d 127, 129-30 (5th Cir. 1988) (where an ERISA preemption defense was held to be waived because the defendant did not raise it until appeal). Although considering a different matter of whether a choice of law provision could preclude the assertion of ERISA preemption, this Court referenced with approval the above cited cases, finding "these five circuit opinions correctly held that such procedural waiver of ERISA preemption is permissible." *Allstate Ins. Co. v. My Choice Medical Plan for LDM Techs, Inc.*, 298 F. Supp. 2d 651, 655-56 (E.D. Mich. 2004) (Gadola J.). Accordingly, this Court finds that ERISA preemption is an affirmative defense that may be waived if not timely plead. The Court now turns to examine whether Defendant has waived the ERISA preemption defense in the present case.

**B. Whether the Defense has been Waived**

Even where ERISA preemption is found to be an affirmative defense for the purposes of Rule 8(c) it is not certain that failure to plead it in a responsive pleading will automatically result in a waiver of the defense. Where there is no undue surprise or prejudice and the protections of Rule 8(c) are preserved, it is in the Court's discretionary power to allow or deny the affirmative defense being brought later in the litigation.

**1. Legal Standard**

The Sixth Circuit Court of Appeals, when considering this case, stated that "[a]s a general rule, failure to plead an affirmative defense results in a waiver of that defense. *E.g.*, *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)." *Old Line Life Ins. Co. of Am. v. Garcia*, 418 F.3d

546, 550 (6th Cir. 2005). In exceptional circumstances, an affirmative defense not raised in the responsive pleading has not been waived. *See e.g., Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) (where failure to raise an affirmative defense by responsive pleadings did not result in a waiver of that defense because there was not found to be any element of surprise to the other party, nor did the other party claim any prejudice to their case as a result of the defense not being timely raised); *see also Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (where an affirmative defense was not held to be waived despite not being timely pled because the court found no surprise or unfair prejudice occurred as a result).

Citing the *Sushka* court, this Court has held, "Where the failure to raise an affirmative defense before summary judgment does not cause surprise or unfair prejudice to the plaintiff . . . this Court, *in its discretion*, *may* allow the issue to be raised on summary judgment." *U.S. Fire Ins. Co. v. City of Warren*, 176 F. Supp. 2d 728, 731 (E.D. Mich. 2001) (Gadola J.) (emphasis added). Where the purposes of Rule 8(c) are not violated a court is within its discretionary power to allow an affirmative defense to be raised even if that defense was not raised in the responsive pleadings.

The case *Phelps v. McClellan*, 30 F.3d 658 (6th Cir. 1994) sets forth a proper consideration of whether a party has been prejudiced:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

4

*Id.* at 662-63.

The amount of time a party had to bring the affirmative defense and their reason for not doing so earlier play a large part in the determination of whether or not the Court will find prejudice. *See Macurdy v. Sikov & Love, P.A.*, 894 F.2d 818 (6th Cir. 1990) (where a delay of 19 months was held to establish prejudice); *see also U.S. Fire Ins. Co.*, 176 F.Supp.2d at 731; and *Dubuc v. Green Oak Tp.*, 117 F. Supp. 2d 610, 620-21 (E.D. Mich. 2000) (where delays of 13 months were held to comprise prejudice). Time and expense of additional discovery is another key point. Prejudice is rightly found where discovery has closed and the non-moving party would be required to repeat discovery, be forced to confront "faded memories and the unavailability of witnesses," or where the non-moving party has a strong interest in avoiding further delay. *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383 (N.D. Ill. 1975); *see also Oy Tilgmann, AB v. Sport Pub. Int'l Inc.*, 110 F.R.D. 68, 70-71 (E.D. Pa. 1986).

The exception to the general rule in the Sixth Circuit, that failure to plead an affirmative defense results in a waiver thereof, hinges upon an assessment of delay, surprise, and unfair prejudice. If there is unnecessary delay, where a party is taken by surprise by an affirmative defense, or if the timeliness of the defense results in unfair prejudice, the general rule of waiver applies. Where there is no delay, surprise, or prejudice exception to the general rule is left to the court's discretion.

   **2.   Analysis**

In the case now before the Court, Defendant Garcia argues that he has been prejudiced as a result of Plaintiff Old Line waiting to raise its ERISA defense until after the close of discovery,

and mentioning the affirmative defense for the first time in its Motion for Summary Judgment, nearly one year after the filing of Garcia's counter-claim. Garcia argues that as a result of the tardiness, he was prevented from addressing key issues concerning that defense during discovery. He argues that each of the deposed witnesses might have shed crucial light on the subject had Garcia known it was an issue before the Court. The discovery period was, Garcia argues, lengthy, including a request by Old Line for additional time. He argues that backtracking through already explored avenues of discovery would be necessary to combat the belatedly raised ERISA defense and this would result in an extra and unfair burden to him at such a late juncture. Defendant argues that the case has been drawn out long enough and this untimely ERISA defense is but another attempt to extend this already protracted litigation. Defendant's position is that he should not be made to endure further burden and expense due to Old Line's untimely assertion of an affirmative defense.

Plaintiff argues that Defendant has not been prejudiced by the timing of Old Line's assertion of its ERISA preemption defense. Defendant would not be required to expend any additional resources to conduct discovery or prepare for trial because, Plaintiff argues, the facts determining whether or not ERISA governs the insurance policy is based on evidence already within Defendant's control. According to Old Line, there is no more discovery necessary on the part of Garcia to address the ERISA issue. Plaintiff also argues that an assertion of ERISA preemption will not delay resolution of lengthy litigation but will expedite it; in place of a full trial on the merits all that would be required under an ERISA claim would be an administrative review of the administrative record. Finally Plaintiff argues that Defendant has, in fact, been advantaged by the tardiness of Plaintiff's ERISA preemption assertion because it gave Defendant a chance to undertake a significant amount

of discovery that an earlier assertion of ERISA preemption would have prohibited.

Considering all of the arguments, the Court begins by recognizing that affirmative defenses not raised in the responsive pleading are generally waived. *Phelps*, 30 F.3d at 663. In this case, Old Line waited nearly a year to raise its ERISA preemption defense, resulting in a significant delay and surprise. Furthermore, Old Line has presented no reason why this defense was not raised in a timely manner. *See Macurdy,* 894 F.2d 818 (6th Cir. 1990); *Dubuc*, 117 F. Supp. 2d at 620-21. Furthermore, although Old Line maintains that there will be no prejudice to Garcia, the Court finds otherwise. There has been considerable delay in this matter and the assertion of such a defense at such a late date would drastically change the litigation theory of the parties. *See e.g., A. Cherney Disposal Co.*, 68 F.R.D at 386; *Oy Tilgmann, AB*, 110 F.R.D. at 70-71.

Old Line failed to timely assert the affirmative defense and has offered no reason why the defense was not raised earlier. Allowing Plaintiff to assert its ERISA defense at this stage in the litigation would eviscerate the protections established by Rule 8(c) because it would result in unfair surprise, prejudice, and delay. Although there are situations in which exceptional circumstances warrant a Court's use of discretion to allow an untimely ERISA preemption defense to be asserted, in this case those circumstances are not present. Defendant Garcia is entitled to the protections Rule 8(c) was intended to provide.

**ACCORDINGLY IT IS HEREBY ORDERED** that Plaintiff is **DENIED** from asserting ERISA preemption as an affirmative defense to Defendant's breach of contract claims.

**SO ORDERED.**

Dated:  November 19, 2007         s/Paul V. Gadola
                                  HONORABLE PAUL V. GADOLA
                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   November 19, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  Michelle Thurber Czapski; Kelley M. Haladyna; John P. Nicolucci; Stephen O. Schultz  ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                  .


                                  s/Paul V. Gadola
                                  Ruth A. Brissaud, Case Manager
                                  (810) 341-7845